1 | Hale Andrew Antico, Bar No. 174144
**Law Offices of Hale A. Antico, PC**
2 | 27578 Sierra Hwy
Santa Clarita, CA 91351
3 | (661) 252-9900 Telephone
(661) 252-9957 Fax
4

5 | Attorney for Debtor(s)

6 | Michael and Donna McNitt

7

8

9 | ### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION
10

11

12 | In re:

Michael and Donna McNitt,

13 |               Debtor

14

15 | Michael and Donna McNitt

16 |               Movant

17

18 | v.

Bank of America Home Loans Servicing, LP

19 |               Respondent

20

Case No: LA2:10-bk-45201-AA
Chapter 13

**AMENDED MOTION TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF BANK OF AMERICA HOME LOANS SERVICING, LP; POINTS AND AUTHORITIES IN SUPPORT; DECLARATIONS OF MICHAEL AND DONNA MCNITT AND LAUREN LANDSEADEL IN SUPPORT THEREOF.**

Date: 2/10/2011
Time: 9:00 AM
Place: 255 East Temple Street
Los Angeles, CA 90012
Crtm: 1375

21

22 | **TO THE HONORABLE JUDGE ALAN AHART, THE CHAPTER 13 TRUSTEE, AND**

**RESPONDENT:**
23

24 | **I.**

25 | **FACTS**

26 | The instant bankruptcy case; Case No. LA2:10-bk-45201-AA, was filed to save real property

27 | including Debtor's principal residence located at 44313 Brandon Thomas Way; Lancaster, CA 93536

28 | ("The Property").

MOTION TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF BAC HOME LOANS SERVICING, LP

-1-

1    The Property is worth no more than $157,000.00 based on a licensed California appraiser's

2  Uniform Residential Appraisal Report reflecting current value. Attached hereto and incorporated by

3  reference is the declaration of Lauren Landseadel, licensed California appraiser, to that effect.

4    The lien of the First Deed of Trust is currently held by Bank of America Home Loans

5  Servicing, LP. The First Deed of Trust is currently at least $232,617.30, based upon a recent billing

6  statement from Bank of America Home Loans Servicing, LP. Attached is Exhibit "A" to the

7  Declaration of the Debtor is a true and correct copy of a recent billing statement from Bank of

8  America Home Loans Servicing, LP. The Second Deed of Trust is currently held by Bank of America

9  Home Loans Servicing, LP. The amount owing on the Second Deed of Trust is currently at least

10  $37,981.35, based upon a recent billing statement by Bank of America Home Loans Servicing, LP.

11  Attached is Exhibit "B" to the Declaration of Debtor is a true and correct copy of a recent billing

12  statement from Bank of America Home Loans Servicing, LP.

13

14                                          **II.**

15                                     **ARGUMENT**

16  **A. A SECURED CLAIM IS SECURED ONLY TO THE EXTENT OF THE VALUE OF**

17         **THE COLLATERAL, AND UNALLOWED SECURED CLAIMS ARE VOID.**

18

19  11 U.S.C. Section 506(a) states that:

20    An allowed claim of a creditor secured by a lien on property in which the estate has an

21  interest, or that is subject to a setoff under section 553 of this title, is a secured claim to the extent of

22  the value of such creditor's interest in the estate's interest in such property, or to the extent of the

23  amount subject to set off, as the case may be, and is an unsecured claim to the extent that the value of

24  such creditor's interest or that mount so subject to set off is less than the amount of such allowed

25  claim.

26  11 U.S.C. Section 506(d) states that:

27    To the extent that a lien secures a claim against the debtor that is not an allowed secured

28  claim, such lien is **void**. (emphasis added)

1    **B.  THE DEBTOR MAY REQUEST AND THE COURT MAY ENTER AN ORDER**
2    **THAT VALUES COLLATERAL WHICH IS PROPERTY OF THE BANKRUPTCY**
3    **ESTATE AND WHICH SECURES A CLAIM OF A CREDITOR AGAINST THE**
4    **DEBTOR.**

5

6    Bankruptcy Rule 3012 states that the Court may determine that value of a claim secured by a

7    lien on property in which the estate has an interest on motion of any party and after a notice hearing.

8

9    **C.  THE LIEN SHOULD BE EXTINGUISHED AND RECONVEYED SINCE THE**
10   **PROPERTY IS WORTH $157,000 OR LESS, AND THE FIRST DEED OF TRUST IS**
11   **$232,617.30 THUS THE LIEN IS AVOIDABLE AND SHOULD BE REMOVED.**

12

13   The prevailing case law in our jurisdiction holds that Chapter 13 debtors are entitled to "strip

14   off" totally unsecured junior mortgages on a principal residence where the claims of the junior

15   lienholders are unsecured given that the value of the principal residence is less than the balance owed

16   on the first mortgage. In re Lam, 211 B.R. 36 (9th Cir. B.A.P. 1997) In Lam, the court held a Debtor's

17   completely unsecured junior mortgage could be stripped off his principal residence, holding that:

18   The Nobleman decision holding that section 1322(b)(2) bars a chapter 13 plan from

19   modifying the rights of holders of claims, secured only by the debtor's principal

20   residence, does not apply to holders of totally unsecured claims. The extension of the

21   protections of section 1322(b) to wholly unsecured lien holders is contrary to the

22   provisions of the bankruptcy code allowing discharge ability of unsecured claims.

23   In re Lam followed the earlier decision of In re Geyer, 203 B.R. 726 (S.D. Cal 1996). In

24   Geyer, the court sustained the Debtor's motion to avoid a lien brought under Bankruptcy Code

25   Section 506(d), and held that a Chapter 13 debtor may strip off a lien on his or her primary residence

26   when the lienholder's interest is totally unsecured, stating that:

27   ...the term 'secured claim' as used in section 1322(b)(2) has the same meaning as the

28   MOTION TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF BAC HOME LOANS SERVICING, LP

-3-

1    term "secured claim" in section 506(a). Unless there is some equity to which the

2    creditor's lien attaches, there is no allowed secured claim and no entitlement to the

3    protections against modification contained in section 1322(b)(2). A chapter 13 debtor

4    may 'strip-off' a lien on his or her primary residence under the plan or under section

5    506(d) when the lienholder's interest is totally unsecured.

6    In re Geyer, 203 B.R. 726, 729 (S.D. Cal. 1996).

7        Indeed, the Ninth Circuit allows this when there is no equity to which the lien of the junior

8    mortgage will attach. In re Zimmer, 313 F.3d 1220 C.A.9 (Cal.), 2002. Thus, if there is no equity to

9    which a junior lien attaches, that debt becomes an unsecured claim and can be removed as a lien on

10   the property on entry of the chapter 13 discharge. It need not be paid the same percent as other

11   unsecured creditors.

12       Courts throughout the country agree that the decision of the United States Supreme Court in

13   Nobleman v. American Savings Bank, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed 228 (June 1, 1993)

14   which prohibits a creditor's claim on residential real estate from being bifurcated into secured and

15   unsecured portions and the creditor's rights under the unsecured portions from being modified does

16   not prohibit a Chapter 13 Debtor from stripping off a totally unsecured mortgage on a principal

17   residence. In re Lam, supra; In re Geyer, 203 B.R. 726; Woodhouse v. Woodhouse, 172 B.R. 1 (D.

18   Rhode Island, 1984); In re Sette, 164 B.R. 453, 456 (Bankr. E.D.N.Y. 1994); In re Williams, 161

19   B.R. 27 (Banker. E.D.Ky. 1993): In re Moncrief, 163 B.R. 492 (Bankr. E.D.Ky. 1993) In re Hornes,

20   160 B.R. 709 (Bankr. D. Conn. 1993); In re Plouffe, 157 B.R. 198 (Bankr. D. Conn. 1993) (a literal

21   reading of Section 1322(b)(2) does exclude a mortgagee whose secured interest is zero).

22       In the case at bar, the property to be retained in the Chapter 13 Plan is Debtor's principal

23   residence. The value of the Property is $157,000.00 or less, yet the value of the First Deed of Trust is

24   at least $232,617.30. Thus, the secured interest of the Second Deed of Trust is zero since there is

25   absolutely no equity to which the Second Deed of Trust can attach. Therefore, the Second Deed of

26   Trust should be extinguished and treated as unsecured for purposes of the instant Chapter 13

27   proceeding.

28

MOTION TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF BAC HOME LOANS SERVICING, LP

1

2

## D. IN RE DEWSNUP IS DISTINGUISHED FROM LIEN STRIPPING IN THE INSTANT CASE

3    The Chapter 7 case of Dewsnup v. Timm, 502 U.S. 410, 112 S Ct. 773, 116 L.Ed.2d 903

4    (1992) has no application to this Chapter 13 case. The relevant cases are the Chapter 13 cases which

5    Movant/Debtor cites above which turn on the many courts' interpretations of Section 1322(b)(2) of

6    the Bankruptcy Code to mean that under Section 1322(b)(2), a Chapter 13 plan may modify the rights

7    of secured claims, other than a claim **secured** only by a security interest in real property that is the

8    debtor's principal residence, and that this section, in light of Section 506(a), does not preclude

9    modification by a Chapter 13 plan of the rights of holders of unsecured claims; to wit, junior

10    mortgages which are completely unsecured.

11    To this end, Justice Scalia, in his dissent in Dewsnup, points out the difference between lien

12    stripping in that Chapter 7 case and lien stripping in a Chapter 13 case when he states that,

13    Respondents assume, for example, that a debtor in a chapter 13 cannot strip down a

14    mortgage placed on the debtor's home, but that assumption may beg the very question

15    the Court answers today. True, Section 1322(b)(2) provides that Chapter 13 filers may

16    not "modify the rights of secured claims," that are "secured only by a security interest

17    in real property that is the debtor's principal residence. But this can be and has been

18    read, in light of Section 506(a), to prohibit modification of the mortgagee's rights only

19    with respect to the operation of his claim that is deemed secured under the Code. see,

20    e.g., In re Hart 923 F.2d 1410, 1415 (CA 10 1991); Wilson v. Commonwealth

21    Mortgage Corp., 895 F.2d 123, 127 (CA3 1990).

22    Dewsnup, 502 U.S. 410, 428, 112 S.Ct. 773, 784.

23    In Dever V. Internal Revenue Service, 164 B.R. 132 (C.D. Cal. 1994), Judge Fenning held

24    that in spite of Dewsnup, stripping an IRS lien on a principal residence is permissible in a Chapter 11

25    case. The Court noted that while under Dewsnup, Chapter 7 debtors cannot use section 506 to strip

26    down liens on an undersecured claim, the Supreme Court specifically reserved the question as to the

27    applicability of its ruling in Dewsnup to cases under the reorganization chapter. 164 B.R. 132, 133. In

28

MOTION TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF BAC HOME LOANS SERVICING, LP

-5-

1  Dever, the Court discussed the issue of line stripping in Chapter 13 cases and cited the 10th Circuit

2  case of In re Hart wherein the Court reasoned:

3              The dispositive issue in this case is whether Eastland's undersecured loan may be

4              bifurcated into two claims by applying general principles of Section 506(a) to the

5              mortgage and then protecting only the secured claim by provision of Section 1322(b).

6              We believe it can. 923 F.2d 1410, 1413 (10th Cir. 1991).

7  After citing In re Hart, in Dever the Court went on to state that:

8              If Section 506 does not permit debtors to bifurcate undersecured claims and strip down

9              liens to their collateral value, then all secured creditors would be freed of any concern

10             that debtors could reduce the amount of their liens while retaining property. If

11             Congress did not intend to allow lien stripping in general in Chapter 13 cases, then

12             why would it bother to draft the exclusionary language of Section 1322. As Justice

13             Stevens' concurring opinion in Nobleman emphasizes, the legislative history of

14             Section 1322(b)(2) reflects Congressional desire to provide special protections to

15             residential lenders. (citations omitted) The threat must be lien stripping, because no

16             other treat is evident.

17  Dever v. Internal Revenue Service, 164 B.R. at 141

18

19                                          **III.**

20                                      **CONCLUSION**

21         Based on the foregoing, it is respectfully requested that the Second Deed of Trust be ordered

22  extinguished, and deemed an unsecured claim.

23

24  Date: Jan 13, 2011

25                                                                      By:

26                                                                      Hale Andrew Antico
                                                                        Attorney for Debtor
27

28
   MOTION TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF BAC HOME LOANS SERVICING, LP

                                          -6-

1    **DECLARATION OF MICHAEL AND DONNA MCNITT IN SUPPORT OF MOTION TO**

2    **EXTINGUISH SECOND DEED OF TRUST (LIEN) OF BANK OF AMERICA HOME**

3    **LOANS SERVICING, LP**

4    **U.S.B.C. CASE NO: LA2:10-bk-45201**

5    I, Michael and Donna McNitt, do hereby declare that all of the following is true and correct to

6    the best of my personal knowledge and if called upon as a witness I could and would competently

7    testify to the truthfulness of all of the below statements.

8    1    I am the Debtor in the instant bankruptcy proceeding, case number 10-45201-AA.

9    2    I filed bankruptcy to save my principal residence located at 44313 Brandon Thomas Way;

10    Lancaster, CA 93536 ("The Property").

11    3    The Property is worth no more than $157,000 based on a licensed California appraiser's

12    Residential Appraisal Report reflecting current value.

13    4    The lien of the First Deed of Trust is currently held by Bank of America Home Loans

14    Servicing, LP. The First Deed of Trust is currently at least $232,617.30, based upon a

15    recent billing statement from Bank of America Home Loans Servicing, LP. Attached

16    hereto as Exhibit "A" is a true and correct copy of a recent billing statement from Bank of

17    America Home Loans Servicing, LP.

18    5    The Second Deed of Trust is currently held by Bank of America Home Loans Servicing, LP.

19    The amount owing of Trust on the Second Trust Deed is approximately $37,981.35, based

20    upon a recent billing statement from Bank of America Home Loans Servicing, LP.

21    Attached hereto as Exhibit "B" is a true and correct copy of a recent billing statement

22    from Bank of America Home Loans Servicing, LP.

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

MOTION TO EXTINGUISH SECOND DEED OF TRUST (LIEN) OF BAC HOME LOANS SERVICING, LP

-7-

1   I declare under penalty of perjury under the laws of the State of California and United States that

2   the foregoing is true and correct.

3

4       Executed on  9/15/10    at Santa Clarita, California.

5

6   Michael McNitt                                    Donna McNitt

7   Debtor                                            Joint Debtor

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| 1 of 4 |

**Bank of America**

**Home Loans**

Customer Service
PO Box 5170
Simi Valley, CA 93062-5170

Statement date 04/29/2010
**Account Number 125215130**
Property address
44313 Brandon Thomas Way

**INTEREST-ONLY LOAN**
**MONTHLY STATEMENT**
**(During the Interest-Only**
**Period)**

0016327 01 AV 0.332 **AUTO  T9 2 1690 93536-7531
PO A4 AG 0101----0--2-7- C0000080 IN 1 P16343
MICHAEL D MCNITT
44313 Brandon Thomas Way
Lancaster CA 93536-7531



⁤lⁱⁱⁱ|ⁱⁱ|ⁱ⁤ⁱⁱ|ⁱⁱⁱ|ₗⁱⁱ|ⁱⁱⁱⁱ|ⁱⁱ|ⁱⁱⁱ|ⁱⁱ|ⁱₗⁱⁱⁱⁱ|ⁱⁱₗⁱⁱₗ

## IMPORTANT NOTICE

BAC Home Loans Servicing, LP services your home loan on behalf of the holder of your note (Noteholder). This is to advise you that
your account remains seriously delinquent.

If we do not hear from you immediately, we will have no alternative but to take appropriate action to protect the interest of the
Noteholder in your property. This action may include returning payments that are less than the total amount due.

**Please give this matter your most urgent attention.** Please pay the total amount due immediately. BAC Home Loans Servicing, LP will
proceed with collection action until your account is brought fully current, and you will be responsible for all cost incurred in this
process to the full extent permitted by law.

Note to Delaware Residents: Delaware residents who are struggling with their mortgage payments will find information on
state-supported assistance by visiting www.deforeclosurehelp.org.

If you are unable to bring your account current, please contact us at **1.800.641.5302.**

Sincerely,

LOAN SERVICING
Loan Counselor

## Your Payment Choices This Month

The amounts listed below are total payments, including amounts collected for escrow items such as taxes and insurance premiums. You can also pay additional
Principal any month in any amount, by specifying "Additional Principal" in the payment coupon.

| Payment Information | Total Payment Amount** | Principal and/or Interest Payment | Outstanding Late Charges | Optional Products* |
|---|---|---|---|---|
| Interest Only Payment *** | $1,714.74 | $1,138.86 | $266.55 | $0. |
| 15-Year Amortized Payment Choice | This Payment Choice is not available this month. | | | |
| Amortized Payment Choice | This Payment Choice is not available this month. | | | |

Please note: Amounts above may change based on payments made, received or returned before or after this statement was created.
**Outstanding late charges up to $400.00 are reflected in the payment choice amount.
*** The **Amortized & 15-year Amortized Payment** Choice (Amortized Payment Choices) amounts are based on the assumption that these payments will always be received on the scheduled
due date. You are not required to pay these amounts. The extra amount of Principal included with each of these alternative Amortized Payment Choices will be applied as a partial Prepayme
of Principal on the date the payment is received. The interest portion of your payment will be applied as of the scheduled due date. The Amortized Payment is similar to, but not identical to th
Interest and Principal payment that you will be required to make after the Interest-Only Period ends. When that happens, your Interest and Principal payments will be applied to your loan as
the  scheduled due date. The Amortized Payment Choices will reduce your principal balance and the amount of interest you will pay over the life of this loan. These Amortized Payment Choic
are provided to you as an additional service, but by no means are you limited to these choices when it comes to the amount of partial prepayments of principal that you may select on your o
IMPORTANT NOTE. Be sure you review any prepayment penalty provision you may have in your loan. Depending on the amount of any partial Prepayments and when you make them, you m
owe a prepayment charge at the time you payoff your loan.

## Your Home Loan Snapshot as of 04/29/2010

| | |
|---|---|
| Loan type | 30 Yr Adj Rate Mtge |
| Principal balance | $232,617.30 |
| Escrow balance | -$1,052.11 |
| Interest rate | 5.875% |

| | |
|---|---|
| Payment Due Date: | 05/01/2010 |
| Past Due Payment Amount | $8,175.70 |
| Fees Due | $330.00 |
| Partial Payment Balance | $120.00 |
| Late Charge if payment is received after 05/17/2010 | $53.31 |

(see next page for account activity details)

We may charge you a fee (of up to $40.00) for any payment returned or rejected by

BAC Home Loans Servicing, LP is required by law to inform you that this



**Bank of America**

**Home Loans**

| 1 of 2 |

Customer Service
PO Box 5170
Simi Valley, CA 93062-5170

Statement date **04/29/2010**
**Account Number 132655469**
Property address
44313 Brandon Thomas Way

0106558 01 AV 0.332 **AUTO  T5 0 6501 93536-7531
MSR CZ AG 0101----0--2--- C0000060 IN 1 P05771
MICHAEL D MCNITT
44313 Brandon Thomas Way
Lancaster CA 93536-7531

## IMPORTANT NOTICE

**BAC Home Loans Servicing, LP** services your home loan on behalf of the holder of your note (Noteholder). This is to advise you that your account remains seriously delinquent.

If we do not hear from you immediately, we will have no alternative but to take appropriate action to protect the interest of the Noteholder in your property.  This action may include returning payments that are less than the total amount due.

**Please give this matter your most urgent attention.** Please pay the total amount due immediately. BAC Home Loans Servicing, LP  will proceed with collection action until your account is brought fully current, and you will be responsible for all cost incurred in this process to the full extent permitted by law.

Note to Delaware Residents: Delaware residents who are struggling with their mortgage payments will find information on state-supported assistance by visiting www.deforeclosurehelp.org.

If you are unable to bring your account current, please contact us at **1.800.641.5302**.

Sincerely,

LOAN SERVICING
Loan Counselor

| **HOME LOAN SUMMARY** | **Home loan overview as of 04/29/2010** | | **Amount due on 05/01/2010 as of 04/29/2010** | |
|---|---|---|---|---|
| | Principal balance | $37,981.35 | Home loan payment due 05/01/2010 | $788.1 |
| | Late Charge if payment received after 05/17/2010 | $23.61 | Past due payment amount | 5,193.4 |
| | | | (see next page for account details) | |

Calls may be monitored or recorded to ensure quality service. We may charge you a fee (of up to $40.00) for any payment returned or rejected by your financial institution, subject to applicable law.

**BAC Home Loans Servicing, LP is required by law to inform you that this communication is from a debt collector.**

**PAYMENT INSTRUCTIONS**

1. Please
   - don't send cash
   - don't staple the check to the payment coupon
   - don't include correspondence
   - include coupon with payment
2. Write the account number on the check or money order.
3. Make the check payable to
   **BAC Home Loans Servicing, LP**
   Attn  Remittance Processing
   PO Box 515503
   Los Angeles, CA 90051-6803

| Account number | 132655469 | (6) |
|---|---|---|
| Michael D Mcnitt | | |
| 44313 Brandon Thomas Way | | |
| Lancaster, CA 93536 | | |

SEE OTHER SIDE FOR IMPORTANT INFORMATION          6501

BAC Home Loans Servicing, LP
PO BOX 515503
LOS ANGELES, CA 90051-6803

Payment due **May 1, 2010**          **\*$788.13**
After **May 17, 2010** late payment          **\* $811.74**
*Payment amount includes late charges. See Home Loan Details for breakdown.*

| Additional Principal | |
|---|---|
| Additional Escrow | |
| Check total | |

13265546960000007881300081174

1  ## DECLARATION OF LAUREN LANDSEADEL IN SUPPORT OF VALUATION OF
2  ## DEBTORS' REAL PROPERTY
3  ### U.S.B.C. CASE NO: LA2:10-bk-45201-AA

4  I, Lauren Landseadel, DECLARE:

5  1. I am a real estate appraiser, State of California license number AR032276. I was retained
6  by counsel for Movant, Hale Andrew Antico on behalf of debtor Michael and Donna McNitt
7  ("Debtor(s)") on or about 09/04/10 to examine and appraise a single family residence located at
8  44313Brandon Thomas Way; Lancaster, CA 93536 ("Subject Property").

9  2. I make this declaration based upon my own personal, firsthand knowledge, my education,
10 training and experience in the field of real estate appraisal and if called as a witness, I could and
11 would competently and truthfully testify thereto.

12 3. I have held a California Real Estate Appraiser License since 10/2003. I am 52 years old and
13 have been doing appraisals for over 6 years.

14 4. I perform approximately 10 residential appraisals per month.

15 5. On or about 09/04/10, I had occasion to conduct an appraisal of the Subject Property. A true
16 and correct copy of the appraisal report is attached hereto as **Exhibit "C"**.

17 6. In preparing the appraisal report, I performed market research, inspected the Subject
18 Property, both interior and exterior, measured the Subject Property to determine the square footage,
19 and surveyed the immediate neighborhood.

20 7. In determining the fair market value for the Subject Property, I used both the sales
21 comparison approach and the cost approach, with the greater weight given to the sales comparison
22 approach. I consider the sales approach to be the most reliable in determining fair market value
23 because it more accurately simulates buyers' perceptions and actions.

24 8. Based upon my observations, inspection of the Subject Property, and market research as
25 well as my training, education and experience as a residential appraiser, it is my professional opinion
26 that the Subject Property has a fair market value of $157,000.00 as of 09/04/10.

27 ///

28 ///

9. I have no present or contemplated future interest in the Subject Property described in the appraisal report attached hereto as **Exhibit "C"**. Neither my employment nor my compensation for this appraisal is contingent upon the value found.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge.

Executed this _15th_ day of _September,_ 2010 at _Beverly Hills_, California.

Lauren Landseadel
Appraiser

ACE HIGH APPRAISALS
PHONE: 818-429-9627  FAX: 775-213-8876

MCNITT
File No. HA-443130910

APPRAISAL OF

THE SINGLE FAMILY RESIDENCE

LOCATED AT:

44313 BRANDON THOMAS WAY
LANCASTER, CA  93536

FOR:

DONNA MCNITT
44313 BRANDON THOMAS WAY
LANCASTER, CA 93536

BORROWER:

MCNITT

AS OF:

SEPTEMBER 4, 2010

BY:

LAUREN M. LANDSEADEL
CONCLUDED VALUE: $157,000.00

MCNITT

**UNIFORM RESIDENTIAL APPRAISAL REPORT**          File No. HA-443130910

| Property Description | | | | |
|---|---|---|---|---|
| Property Address 44313 BRANDON THOMAS WAY | | City LANCASTER | State CA | Zip Code 93536 |
| Legal Description TR=50099 LOT 41 | | | County LOS ANGELES | |
| Assessor's Parcel No. 3203-036-072 | | Tax Year 2010   R.E. Taxes $ 3,025.25 | | Special Assessments $ N/A |

| Borrower MCNITT | | Current Owner MCNITT | Occupant: [X] Owner | Tenant | Vacant |
|---|---|---|---|---|---|
| Property rights appraised [X] Fee Simple | Leasehold | Project Type | PUD | Condominium (HUD/VA only) | HOA$ | N/A /Mo. |
| Neighborhood or Project Name N/A | | | Map Reference 4014/E7 | Census Tract 9012.05 | |

Sale Price $ N/A          Date of Sale N/A          Description and $ amount of loan charges/concessions to be paid by seller  N/A

Lender/Client DONNA MCNITT          Address 44313 BRANDON THOMAS WAY, LANCASTER, CA 93536

Appraiser LAUREN M. LANDSEADEL          Address 19811 GRESHAM ST, NORTHRIDGE, CA 91324

| Location | Urban | [X] Suburban | Rural | Predominant occupancy | Single family housing | | Present land use % | | Land use change |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | PRICE $ (000) | AGE (yrs) | | | |
| Built up | [X] Over 75% | 25-75% | Under 25% | | | | One family 94% | [X] Not likely | Likely |
| Growth rate | Rapid | [X] Stable | Slow | [X] Owner 98% | 90 Low | 3 | 2-4 family 2% | in process | |
| Property values | Increasing | [X] Stable | Declining | Tenant | 400 High | 60 | Multi-family 2% | To: | |
| Demand/supply | Shortage | In balance | [X] Over supply | [X] Vacant (0-5%) | Predominant | | Commercial 1% | | |
| Marketing time | Under 3 mos. | [X] 3-6 mos. | Over 6 mos. | Vacant (over 5%) | 210 | 20 | VAC 1% | | |

Note: Race and the racial composition of the neighborhood are not appraisal factors.

Neighborhood boundaries and characteristics: AVENUE I NORTH, AVENUE L SOUTH, 45TH STREET W EAST, 80TH STREET W WEST.

Factors that affect the marketability of the properties in the neighborhood (proximity to employment and amenities, employment stability, appeal to market, etc.): SUBJECT AREA IS KNOWN AS LANCASTER, HOMES IN AREA TEND TO BE IN AVERAGE CONDITION WITH SOME AREAS OF GOOD CONDITION, BUILT PRIMARILY FROM THE 1950'S TO 2000'S. HOMES RANGE IN SIZE FROM ABOUT 1000 - 4000 SQUARE FEET. THERE ARE TYPICAL SUBURBAN AMENITIES. AVERAGE OVERALL MARKET APPEAL.

Market conditions in the subject neighborhood (including support for the above conclusions related to the trend of property values, demand/supply, and marketing time - - such as data on comparative properties for sale in the neighborhood, description of the prevalence of sales and financing concessions, etc.): AREA IS EXPERIENCING AN OVERSUPPLY OF LISTINGS VS BUYERS DUE TO AVAILABILITY OF FORECLOSURE, REO HOMES AT REDUCED PRICES, AND SHORT SALES. TIGHTENING OF MORTGAGE LENDING CRITERIA HAS NARROWED THE GROUP OF QUALIFIED BUYERS.  PRICES HAVE STABILIZED FOR THE MOMENT.

Project Information for PUDs (If applicable) - - Is the developer/builder in control of the Home Owners' Association (HOA)?          YES     NO
Approximate total number of units in the subject project  N/A          Approximate total number of units for sale in the subject project  N/A
Describe common elements and recreational facilities: N/A

| Dimensions 65 X 106 | | Topography | BASICALLY LEVEL |
|---|---|---|---|
| Site area 6890 SQ FT +/- | Corner Lot   Yes [X] No | Size | TYPICAL |
| Specific zoning classification and description LCA22*-SINGLE FAMILY RESIDENTIAL | | Shape | RECTANGULAR |
| Zoning compliance [X] Legal   Legal nonconforming (Grandfathered use)   Illegal   No zoning | | Drainage | APPEARS ADEQUATE |
| Highest & best use as improved: [X] Present use   Other use (explain) | | View | NO VIEW |

| Utilities | Public | Other | Off-site Improvements   Type | | Public | Private | Landscaping | TYPICAL |
|---|---|---|---|---|---|---|---|---|
| Electricity | [X] | | Street | ASPHALT | [X] | | Driveway Surface | CONCRETE |
| Gas | [X] | | Curb/gutter | CONCRETE | [X] | | Apparent easements | TYPICAL UTILITY |
| Water | [X] | | Sidewalk | CONCRETE | [X] | | FEMA Special Flood Hazard Area   Yes [X] No | |
| Sanitary sewer | [X] | | Street lights | TYPICAL | [X] | | FEMA Zone X500   Map Date 09/26/2008 | |
| Storm sewer | [X] | | Alley | NONE | | | FEMA Map No. 060672 - 0405F | |

Comments (apparent adverse easements, encroachments, special assessments, slide areas, illegal or legal nonconforming zoning, use, etc.):   NO ADVERSE ENCROACHMENTS OR EASEMENTS NOTED. TYPICAL UTILITY EASEMENT APPEARS TO HAVE NO NEGATIVE IMPACT ON PROPERTY MARKETABILITY.

| GENERAL DESCRIPTION | | EXTERIOR DESCRIPTION | | FOUNDATION | | BASEMENT | | INSULATION | |
|---|---|---|---|---|---|---|---|---|---|
| No. of Units | ONE | Foundation | CONCRETE | Slab | YES | Area Sq.Ft. | N/A | Roof | |
| No. of Stories | ONE | Exterior Walls | STUCCO | Crawl Space | NO | % Finished | N/A | Ceiling | |
| Type (Det./Att.) | DET | Roof Surface | CONC. TILE | Basement | N/A | Ceiling | N/A | Walls | |
| Design (Style) | CONV. | Gutters & Dwnspts. | ALUM | Sump Pump | N/A | Walls | N/A | Floor | |
| Existing/Proposed | EXIST. | Window Type | VINYL/DUAL | Dampness | NONE NOTED | Floor | N/A | None | |
| Age (Yrs.) | 18 | Storm/Screens | SCREENS | Settlement | NONE NOTED | Outside Entry | N/A | Unknown UNK | [X] |
| Effective Age (Yrs.) | 10 | Manufactured House | NO | Infestation | NO REPORT | | | | |

| ROOMS | Foyer | Living | Dining | Kitchen | Den | Family Rm. | Rec. Rm. | Bedrooms | # Baths | Laundry | Other | Area Sq.Ft. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Basement | | | | | | | | | | | | 0 |
| Level 1 | | 1 | | 1 | | 1 | | 3 | 1.75 | | | 1,349 |
| Level 2 | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | 0 |

Finished area above grade contains:          6 Rooms;          3 Bedroom(s);          1.75 Bath(s);          1,349 Square Feet of Gross Living Area

| INTERIOR | Material/Condition | HEATING | | KITCHEN EQUIP. | ATTIC | | AMENITIES | | CAR STORAGE: | |
|---|---|---|---|---|---|---|---|---|---|---|
| Floors | HW/VNY/CPT/GD | Type | FWA | Refrigerator | None | | Fireplace(s) #1 | [X] | None | |
| Walls | DRYWALL/AVG | Fuel | GAS | Range/Oven [X] | Stairs | | Patio COV/CONV | [X] | Garage YES | # of cars |
| Trim/Finish | PAINT/AVG | Condition AVG | | Disposal [X] | Drop Stair | | Deck | | Attached | 2 |
| Bath Floor | VINYL/AVG | COOLING | | Dishwasher [X] | Scuttle | [X] | Porch COV | [X] | Detached | |
| Bath Wainscot | NONE | Central YES | | Fan/Hood [X] | Floor | | Fence WOOD | [X] | Built-in | |
| Doors | WOOD/AVG | Other EVAP | | Microwave [X] | Heated | | Pool POOL/SPA | [X] | Carport | |
| | | Condition AVG | | Washer/Dryer | Finished | | | | Driveway | TYPICAL |

Additional features (special energy efficient items, etc.):   ENERGY EFFICIENT ITEMS TYPICAL FOR AGE OF HOME.

Condition of the improvements, depreciation (physical, functional, and external), repairs needed, quality of construction remodeling/additions, etc.:   THERE ARE NO FUNCTIONAL, ECONOMIC, OR EXTERNAL INADEQUACIES, WHICH NEGATIVELY EFFECT THE VALUE OF THE SUBJECT PROPERTY. NORMAL PHYSICAL DEPRECIATION BASED ON EFFECTIVE AGE LIFE. AND CONDITION OF THE SUBJECT PROPERTY. CONDITION OF COMPARABLE SALES IS ADJUSTED BASED ON THEIR EFFECTIVE AGES.

Adverse environmental conditions (such as, but not limited to, hazardous wastes, toxic substances, etc.) present in the improvements, on the site, or in the immediate vicinity of the subject property:   NO KNOWN ENVIRONMENTAL HAZARDS OBSERVED ON-SITE OR IN THE IMMEDIATE VICINITY. APPRAISER IS NOT AN AUTHORITY/EXPERT IN THIS FIELD.

Produced using ACI software, 800.234.8727 www.aciweb.com

ACE HIGH APPRAISALS

MCNITT

## UNIFORM RESIDENTIAL APPRAISAL REPORT    File No.  HA-443130910

### Valuation Section

| | | |
|---|---|---|
| ESTIMATED SITE VALUE. . . . . . . . .  . . . .  . . . .  . . . . .  = $ | 50,000 | Comments on Cost Approach (such as, source of cost estimate, site value, square foot calculation and for HUD, VA and FmHA, the estimated remaining economic life of the property): PHYSICAL DEPRECIATION BASED ON ECONOMIC AGE LIFE:10/10+65=13% (ROUNDED) SITE VALUE HAS BEEN DETERMINED BY THE EXTRACTION PROCESS, DUE TO A LACK OF LAND SALES IN THE AREA. REPLACEMENT COSTS ARE VIA MARSHALL & SWIFT VALUATION SERVICE. RATIO OF LAND TO VALUE IS TYPICAL FOR THE AREA. FUNCTIONAL DEPRECIATION DUE TO LACK OF RETURN ON POOL/SPA, AND INFLATED CONTR. COSTS. |

ESTIMATED REPRODUCTION COST-NEW OF IMPROVEMENTS:

| | | | | |
|---|---|---|---|---|
| Dwelling | 1,349 Sq. Ft. @ $ | 85.00 | = $ | 114,665 |
| | Sq. Ft. @ $ | | = | |
| F/P,PATIO,PORCH,FENCE,POOL | | | = | 40,000 |
| Garage/Carport | 576 | Sq. Ft. @ $ | 35.00 = | 20,160 |
| Total Estimated Cost New | . . . . . . . . . . . . . . | | = $ | 174,825 |
| Less | 75 Physical | Functional | External | Est. Remaining Econ. Life:  65 |
| Depreciation | 13% | $53,234 | 0% | = $  75,961 |
| Depreciated Value of Improvements | . . . . . . | . . . . . . . . . . . . | = $ | 98,864 |
| "As-is" Value of Site Improvements | . . . . . . . . . . . | = $ | | 15,000 |
| INDICATED VALUE BY COST APPROACH | . . . . . . . . . . . | = $ | | 163,900 |

| ITEM | SUBJECT | COMPARABLE NO. 1 | | COMPARABLE NO. 2 | | COMPARABLE NO. 3 | |
|---|---|---|---|---|---|---|---|
| | 44313 BRANDON THOMAS WAY | 6069 JAMAICA CT | | 44320 HARBOR ST | | 6324 W AVENUE J4 | |
| Address | LANCASTER | LANCASTER | | LANCASTER | | LANCASTER | |
| Proximity to Subject | | 0.06 miles ESE | | 1.00 miles S | | 0.24 miles SW | |
| Sales Price | $ N/A | $ 145,000 | | $ 140,500 | | $ 149,900 | |
| Price/Gross Liv. Area | $ 0.00 ☑ | $ 118.17 ☑ | | $ 114.51 ☑ | | $ 108.62 ☑ | |
| Data and/or | INSPECTION | RQ DOC: 925922 DOM: 58 | | RQ DOC: 624316 DOM: UNK | | RQ DOC: 452356 DOM: 118 | |
| Verification Sources | PUBLIC REC. | PUBLIC RECORDS | | PUBLIC RECORDS | | PUBLIC RECORDS | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | + (-) $ Adjustment | DESCRIPTION | + (-) $ Adjustment | DESCRIPTION | + (-) $ Adjustment |
| Sales or Financing | N/A | CONV. FIXED | | FHA FIXED | | CONV. FIXED | |
| Concessions | | MLS: 290883 | | MLS: NO MLS | | MLS: 284818 | |
| Date of Sale/Time | N/A | 07/07/2010 | | 05/07/2010 | | 04/02/2010 | |
| Location | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | FEE SIMPLE | |
| Site | 6890 SQ FT +/- | 8603 SQ FT +/- | -5,000 | 6882 SQ FT +/- | | 8350 SQ FT +/- | -5,000 |
| View | NO VIEW | NO VIEW | | NO VIEW | | NO VIEW | |
| Design and Appeal | CONVENTIONAL | CONVENTIONAL | | CONVENTIONAL | | CONVENTIONAL | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Age | 18 YEARS | 18 YEARS | | 19 YEARS | | 17 YEARS | |
| Condition | GOOD | GOOD | | GOOD | | GOOD | |
| Above Grade | Total / Bdrms / Baths | Total / Bdrms / Baths | | Total / Bdrms / Baths | | Total / Bdrms / Baths | |
| Room Count | 35  6 / 3 / 1.75 | 6 / 3 / 2.00 | | 5 / 3 / 2.00 | | 6 / 3 / 2.00 | |
| Gross Living Area | 1,349 Sq.Ft. | 1,227 Sq.Ft. | +4,000 | 1,227 Sq.Ft. | +4,000 | 1,380 Sq.Ft. | |
| Basement & Finished | NONE | NONE | | NONE | | NONE | |
| Rooms Below Grade | NONE | NONE | | NONE | | NONE | |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | AVERAGE | |
| Heating/Cooling | GAS FWA C/AIR | GAS FWA C/AIR | | GAS FWA C/AIR | | GAS FWA C/AIR | |
| Energy Efficient Items | CONFORMING | STANDARD | | STANDARD | | STANDARD | |
| Garage/Carport | 2 ATT. GARAGE | 2 ATT. GARAGE | | 2 ATT. GARAGE | | 2 ATT. GARAGE | |
| Porch, Patio, Deck, | PORCH,PATIO | PORCH,PATIO | | PORCH,PATIO | | PORCH,PATIO | |
| Fireplace(s). etc. | 1 FIREPLACE | 1 FIREPLACE | | NO FIREPLACE | +2,000 | 1 FIREPLACE | |
| Fence, Pool, etc. | POOL/SPA | NO POOL/SPA | +12,500 | NO POOL/SPA | +12,500 | NO POOL/SPA | +12,500 |
| APN | | 3203-036-059 | | 3203-036-035 | | 3203-042-014 | |
| Net Adj. (total) | | ☒ + ☐ - $ | 11,500 | ☒ + ☐ - $ | 18,500 | ☒ + ☐ - $ | 7,500 |
| Adjusted Sales Price | | Gross: 14.6% | | Gross: 13.2% | | Gross: 11.7% | |
| of Comparable | | Net: 7.9%  $ | 156,500 | Net: 13.2%  $ | 159,000 | Net: 5.0%  $ | 157,400 |

Comments on Sales Comparison (including the subject property's compatibility to the neighborhood, etc. ):  ALL COMPS APPEAR TYPICAL IN DESIGN, AGE, AND FUNCTIONAL UTILITY. COMPS ARE RECENT AND PROXIMATE TO SUBJECT. SQ. FT. ADJUSTMENTS MADE AT APPROX. $35 /PER (ROUNDED).NO SQ. FT. ADJUSTMENTS MADE UNDER 100 SQ. FT.SELECTED COMPS BEST REPRESENT THE SUBJECT'S MARKET.

***SEE ADDITIONAL COMMENTS***

| ITEM | SUBJECT | COMPARABLE NO. 1 | COMPARABLE NO. 2 | COMPARABLE NO. 3 |
|---|---|---|---|---|
| Date, Price and Data | NONE NOTED | 01/19/2010 | 09/24/2009 | 10/13/2009 |
| Source for prior sales | LAST 3 YEARS | $204,925 TRUSTEES SALE | $320,392 TRUSTEES SALE | $145,000 TRUSTEES SALE |
| within year of appraisal | REALQUEST | REALQUEST | REALQUEST | REALQUEST |

Analysis of any current agreement of sale, option, or listing of the subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal:  PER MLS THE SUBJECT HAS NOT BEEN LISTED IN THE LAST 36 MONTHS. THERE HAS BEEN NO PRIOR SALE IN THE PAST 36 MONTHS. ALL PRIOR SALES OF COMPARABLES HAVE BEEN FORECLOSURES (TRUSTEES SALE) TYPICAL FOR MARKET.

| | | |
|---|---|---|
| INDICATED VALUE BY SALES COMPARISON APPROACH | . . . . . . . . . . . | . . . . . . . . . . . . . . . . . . . . . . . . . . $  157,000 |
| INDICATED VALUE BY INCOME APPROACH (If Applicable)  Estimated Market Rent $ | N/A  /Mo. x Gross Rent Multiplier | N/A  = $  N/A |

This appraisal is made  ☒ "as is"  ☐ subject to the repair's, alterations, inspections or conditions listed below  ☐ subject to completion per plans and specifications.

Conditions of Appraisal:  SUMMARY APPRAISAL REPORT IS FOR THE EXPRESS USE OF: MICHAEL & DONNA MCNITT & IS SUBJECT TO THE ATTACHED ADDENDA / LIMITING CONDITIONS. REPORT COMPLIES WITH USPAP GUIDELINES.

Final Reconciliation:  PRIMARY CONSIDERATION WAS GIVEN TO THE SALES COMPARISON APPROACH. COST APPROACH IS LESS WEIGHTED DUE TO LACK OF PRECISION IN ESTIMATING DEPRECIATION. THE INCOME APPROACH WAS NOT USED IN THIS PREDOMINANTLY OWNER OCCUPIED AREA.

The purpose of this appraisal is to estimate the market value of the real property that is the subject of this report, based on the above conditions and the certification, contingent and limiting conditions, and market value definition that are stated in the attached Freddie Mac Form 439/Fannie Mae Form 1004B (Revised    06/93    ).

I (WE) ESTIMATE THE MARKET VALUE, AS DEFINED, OF THE REAL PROPERTY THAT IS THE SUBJECT OF THIS REPORT, AS OF    09/04/2010

(WHICH IS THE DATE OF INSPECTION AND THE EFFECTIVE DATE OF THIS REPORT) TO BE $    157,000    .

| | |
|---|---|
| APPRAISER: | SUPERVISORY APPRAISER (ONLY IF REQUIRED): |
| Signature | Signature    ☐ Did  ☐ Did Not |
| Name  LAUREN M. LANDSEADEL | Name    Inspect Property |
| Date Report Signed  09/12/2010 | Date Report Signed |
| State Certification #  AR032276    State CA | State Certification #    State |
| Or State License # | Or State License #    State |

ACE HIGH APPRAISALS

MCNITT

## UNIFORM RESIDENTIAL APPRAISAL REPORT

File No. HA-443130910

Supplemental Valuation Section

| ITEM | SUBJECT | COMPARABLE NO. 4 | | COMPARABLE NO. 5 | | COMPARABLE NO. 6 | |
|---|---|---|---|---|---|---|---|
| | 44313 BRANDON THOMAS WAY | 44315 FREER WAY | | 44334 BRANDON THOMAS | | | |
| Address | LANCASTER | LANCASTER | | LANCASTER | | | |
| Proximity to Subject | | 0.27 miles W | | 0.05 miles NE | | | |
| Sales Price | $ N/A | $ | 160,000 | $ | 129,900 | $ | |
| Price/Gross Liv. Area | $ 0.00 ☑ | $ 91.17 ☑ | | $ 120.28 ☑ | | $ ☑ | |
| Data and/or | INSPECTION | RQ DOC: 666298 DOM: 180 | | PENDING SALE DOM: 16 | | | |
| Verification Sources | PUBLIC REC. | PUBLIC RECORDS | | PUBLIC RECORDS | | | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | + (-) $ Adjustment | DESCRIPTION | + (-) $ Adjustment | DESCRIPTION | + (-) $ Adjustment |
| Sales or Financing | N/A | CONV. FIXED | | PENDING | | | |
| Concessions | | MLS: 284852 | | MLS: 297393 | | | |
| Date of Sale/Time | N/A | 05/17/2010 | | PENDING | | | |
| Location | AVERAGE | AVERAGE | | AVERAGE | | | |
| Leasehold/Fee Simple | FEE SIMPLE | FEE SIMPLE | | FEE SIMPLE | | | |
| Site | 6890 SQ FT +/- | 9590 SQ FT +/- | -5,000 | 6825 SQ FT +/- | | | |
| View | NO VIEW | NO VIEW | | NO VIEW | | | |
| Design and Appeal | CONVENTIONAL | CONVENTIONAL | | CONVENTIONAL | | | |
| Quality of Construction | AVERAGE | AVERAGE | | AVERAGE | | | |
| Age | 18 YEARS | 17 YEARS | | 18 YEARS | | | |
| Condition | GOOD | AVERAGE | +15,000 | AVERAGE+ | +7,500 | | |
| Above Grade | Total  Bdrms  Baths | Total  Bdrms  Baths | | Total  Bdrms  Baths | | Total  Bdrms  Baths | |
| Room Count | 6  3  1.75 | 6  4  2.00 | | 5  3  1.75 | | | |
| Gross Living Area | 1,349 Sq.Ft. | 1,755 Sq.Ft. | -14,000 | 1,080 Sq.Ft. | +9,000 | Sq.Ft. | |
| Basement & Finished | NONE | NONE | | NONE | | | |
| Rooms Below Grade | NONE | NONE | | NONE | | | |
| Functional Utility | AVERAGE | AVERAGE | | AVERAGE | | | |
| Heating/Cooling | GAS FWA C/AIR | GAS FWA C/AIR | | GAS FWA C/AIR | | | |
| Energy Efficient Items | CONFORMING | SIMILAR | | SIMILAR | | | |
| Garage/Carport | 2 ATT. GARAGE | 2 ATT. GARAGE | | 2 ATT. GARAGE | | | |
| Porch, Patio, Deck, | PORCH,PATIO | PORCH,PATIO | | PORCH,PATIO | | | |
| Fireplace(s), etc. | 1 FIREPLACE | 1 FIREPLACE | | 1 FIREPLACE | | | |
| Fence, Pool, etc. | POOL/SPA | POOL/SPA | | NO POOL/SPA | +12,500 | | |
| APN | | 3203-040-016 | | 3203-036-066 | | | |
| Net Adj. (total) | | ☐ +  ☒ -  $ | 4,000 | ☒ +  ☐ -  $ | 29,000 | ☒ +  ☐ -  $ | 0 |
| Adjusted Sales Price | | Gross 21.3% | | Gross 22.3% | | Gross 0.0% | |
| of Comparable | | Net - 2.5%  $ | 156,000 | Net - 22.3%  $ | 158,900 | Net 0.0%  $ | 0 |

Comments on Sales Comparison (including the subject property's compatibility to the neighborhood, etc. ): ***SEE ADDITIONAL COMMENTS***

| ITEM | SUBJECT | COMPARABLE NO. 4 | COMPARABLE NO. 5 | COMPARABLE NO. 6 |
|---|---|---|---|---|
| Date, Price and Data | NONE NOTED | 10/23/2009 | 03/29/2010 | |
| Source for prior sales | LAST 3 YEARS | $141,232 TRUSTEES SALE | $236,720 TRUSTEES SALE | |
| within year of appraisal | REALQUEST | REALQUEST | REALQUEST | |

Analysis of any current agreement of sale, option, or listing of the subject property and analysis of any prior sales of subject and comparables within one year of the date of appraisal: PER MLS THE SUBJECT HAS NOT BEEN LISTED IN THE LAST 36 MONTHS. THERE HAS BEEN NO PRIOR SALE IN THE PAST 36 MONTHS.

RELEVANT CHARACTERISTICS:

SALE 1: SMALLER GLA, 3 BR, 2 BA, FWA/CENTRAL, 2 GARAGE, PORCH/PATIO, NO POOL, FIREPLACE, LARGER SITE, SIM LOC, SIM COND.

SALE 2: SMALLER GLA, 3 BR, 2 BA, FWA/CENTRAL, 2 GARAGE, PORCH/PATIO, NO POOL, NO FIREPLACE, SIM SITE, SIM LOC, SIM COND.

SALE SIM GLA, 3 BR, 2 BA, FWA/CENTRAL, 2 GARAGE, PORCH/PATIO, NO POOL, FIREPLACE, LARGER SITE, SIM LOC, SIM COND.

SALE 4: LARGER GLA, 4 BR, 2 BA, FWA/CENTRAL, 2 GARAGE, PORCH/PATIO, POOL/SPA, FIREPLACE, LARGER SITE, SIM LOC, INFERIOR COND.

SALE 5: PENDING: SMALLER GLA, 3 BR, 1.75 BA, FWA/CENTRAL, 2 GARAGE, PORCH/PATIO, NO POOL, FIREPLACE, SIM SITE, SIM LOC, SLIGHTLY INFERIOR COND. SAME MODEL AS SUBJECT IN SUBJECT TRACT WITHOUT CONVERTED PATIO OR POOL/SPA.

AVERAGE/AVERAGE+/GOOD CONDITION BASED ON INTERIOR/EXTERIOR INSPECTION AND MLS COMMENTS AND PHOTOS PERTAINING TO INTERIOR UPDATES, UPGRADES, AND MATERIALS USED.

CONCLUDED VALUE BELOW PREDOMINANT DUE TO SUBJECT'S & COMPARABLES' GLA TOWARD THE LOW END OF THE RANGE OF SIZES IN THE AREA.

Produced using ACI software, 800.234.8727 www.aciweb.com

| Borrower: MCNITT | File No.: HA-443130910 |
|---|---|
| Property Address: 44313 BRANDON THOMAS WAY | Case No.: MCNITT |
| City: LANCASTER | State: CA | Zip: 93536 |
| Lender: DONNA MCNITT | |

## SCOPE OF APPRAISAL:

* THE MARKET VALUE DEFINITION USED IN THIS REPORT IS CONSISTENT WITH THE
REGULATIONS PUBLISHED BY FEDERAL REGULATORY AGENCIES PURSUANT TO TITLE XI OF THE
FINANCIAL INSTITUTIONS REFORM, RECOVERY AND ENFORCEMENT ACT (FIRREA) OF 1989.

** THIS APPRAISAL REPORT IS INTENDED FOR USE BY THE CLIENT NAMED IN THE BODY OF THE
REPORT. ANY OTHER USE IS NOT INTENDED BY THE APPRAISER. VALUE IS AS OF THE
EFFECTIVE DATE FOR THE SUBJECT PROPERTY LOCATED AT;

> **44313 BRANDON THOMAS WAY, IN THE CITY OF LANCASTER
> COUNTY OF LOS ANGELES, STATE OF CALIFORNIA
> ZIP CODE: 93536**

OF THE LEGAL DESCRIPTION;

> **TRACT: TR=50099 LOT 41
> ASSESSOR'S PARCEL NUMBER: 3203-036-072**

THE PROPERTY RIGHTS BEING APPRAISED ARE "FEE SIMPLE". FURTHER, THE ABOVE FULLY
DESCRIBED PROPERTY WAS APPRAISED "AS-IMPROVED", UNENCUMBERED BY LIENS FOR THE USE
OF MICHAEL & DONNA MCNITT AND THEIR ASSIGNS. THE FUNCTION / INTENDED USE OF THE
APPRAISAL REPORT IS FOR USE IN A BANKRUPTCY PROCEEDING. APPRAISAL FORM AND CONTENT
IS NOT SUITABLE FOR USE IN SECURING A MORTGAGE FINANCE TRANSACTION. THIS REPORT IS
NOT INTENDED FOR ANY OTHER USE.

THE APPRAISER HAS PERFORMED AN INTERIOR & EXTERIOR INSPECTION OF THE SUBJECT
PROPERTY, AS WELL AS AN EXTERIOR INSPECTION OF THE COMPARABLES.

THE VALUE REPORTED IS BASED UPON THE MARKET DATA APPROACH. THE DATES REPORTED IN
THE SALES COMPARISON ARE CLOSED ESCROW AND ARE VERIFIED THROUGH DOCUMENT NUMBERS.
ALL SALES INFORMATION IS BASED ON PUBLIC RECORDS AND/OR THE MLS.

## MARKETABILITY:

THE SUBJECT NEIGHBORHOOD POSSESSES ADEQUATE RESIDENTIAL SUPPORT LINKAGES
(TRANSPORTATION), WITH EMPLOYMENT CENTERS AND TYPICAL AMENITIES,(SHOPPING, DINING,
PARKS, SCHOOLS),LOCATED WITHIN ONE MILE OF THE SUBJECT PROPERTY. THE ECONOMIC BASE
OF THE AREA AND EMPLOYMENT LEVELS HAVE BEEN RELATIVELY STABLE. THE APPRAISER DID
NOT OBSERVE ANY NEGATIVE FACTORS IN THE AREA WHICH WOULD ADVERSELY AFFECT THE
MARKET APPEAL OR REASONABLE MARKETABILITY OF THE SUBJECT PROPERTY.

## COST APPROACH:

THE "AS-IS" VALUE OF THE IMPROVEMENTS IS FOR ALL HARDSCAPING IMPROVEMENTS THAT
INCLUDE ANY FENCING, DRIVEWAY, LANDSCAPING, DECKS, IN-GROUND SPAS, PATIO OR
IMPROVEMENTS NOT ALREADY ADDED INTO THE REPRODUCTION COST.(IF ITEMS APPLY TO THIS
STRUCTURE AND PROPERTY).

## SITE:

THE LAND VALUE IS TYPICAL FOR THIS AREA AS DETERMINED BY THE EXTRACTION METHOD.
THERE ARE NO VACANT SITE SALES WITHIN THE AREA TO BE USED FOR A MARKET COMPARISON.
THE SUBJECT AREA IS ZONED LCA22*, LANCASTER, COUNTY OF LOS ANGELES, WHICH IS
RESIDENTIAL, AND IS TYPICAL FOR THIS AREA. ALL UTILITIES ARE TYPICAL FOR THIS SITE
AND AREA. RECTANGULARLY-SHAPED, INTERIOR LOT OF AVERAGE SIZE. WOOD FENCING, PAVED
CONCRETE DRIVEWAY. TYPICAL LANDSCAPING, FRONT AND REAR.

## IMPROVEMENTS:

THE SUBJECT IS A 1992 YEAR BUILT, SINGLE STORY, CONVENTIONAL WOOD FRAME HOME ON A
CONCRETE SLAB FOUNDATION, WITH STUCCO EXTERIOR, CONCRETE TILE ROOF & A 2 CAR
GARAGE. IT IS OF AVERAGE DESIGN, QUALITY, GOOD CONDITION & APPEAL. THERE ARE 3
BEDROOMS, 1 FULL BATHROOM, & 1 3/4 BATHROOM. THERE IS GOOD QUALITY HARDWOOD &
CARPET, AND AVERAGE QUALITY VINYL FLOORING THROUGH OUT THE HOME, IN GOOD CONDITION.
THE KITCHEN HAS HARDWOOD FLOORING, ABOVE AVERAGE QUALITY LAMINATE OVER WOOD/MDF
CABINETS, GRANITE COUNTER TOPS, WITH AVERAGE QUALITY UPDATED APPLIANCES. THE
KITCHEN IS IN GOOD OVERALL CONDITION. THE HOME HAS FORCED WARM HEATING & CENTRAL
AND EVAPORATIVE COOLING. THERE IS A FIREPLACE IN THE LIVING ROOM, AND A POOL & SPA.

## COMMENTS ON SALES COMPARISON:

ADJUSTMENTS ARE MADE TO THE COMPARABLES WHICH DIFFER FROM THE ABOVE
CHARACTERISTICS, BY MEANS OF COMPARABLE MARKET DATA. IN ORDER TO AVOID A
DUPLICATION OF ADJUSTMENTS, ANY DIFFERENCE IN BEDROOM COUNT IS ADJUSTED FOR IN THE
GROSS LIVING AREA, UNLESS THE APPRAISER FEELS THAT THE "TYPICAL PURCHASER" MAY BE

ADDENDUM

| Borrower: MCNITT | | File No.: HA-443130910 |
|---|---|---|
| Property Address: 44313 BRANDON THOMAS WAY | | Case No.: MCNITT |
| City: LANCASTER | State: CA | Zip: 93536 |
| Lender: DONNA MCNITT | | |

INFLUENCED BY THAT COUNT. GROSS LIVING AREA IS ADJUSTED FOR AT $35.00 PER SQUARE
FOOT AND ROUNDED. ADJUSTMENTS TO THE COMPARABLE SALES ARE MADE THROUGH ABSTRACTION,
WHEN POSSIBLE. IMPROVEMENTS OR UPGRADES, STYLE, DESIGN, MODERNIZATION AND CURRENT
CONDITION. THE DESIGN, STYLE AND APPEAL OF THE STRUCTURE IN COMPARISON TO CURRENT
STANDARDS OF HOUSING GREATLY AFFECTS THE EFFECTIVE AGE. WHEN HARDSCAPING IS USED
UNDER THE MARKET COMPARISON APPROACH, ITEMS MAY INCLUDE ANY SITE IMPROVEMENTS THAT
ARE CONSIDERED PERMANENTLY ATTACHED. THIS INCLUDES PONDS, IRRIGATION EQUIPMENT,
FENCING, PATIOS, DECKS AND CONCRETE WORK. THE VALUE USED FOR THESE IMPROVEMENTS IS
CURRENT MARKET VALUE. COMPARABLES WERE SELECTED THAT MOST CONFORM TO THE SUBJECT
PROPERTY CHARACTERISTICS. NEIGHBORHOODS ARE CONSIDERED SIMILAR AND ADJUSTMENTS ARE
MADE ONLY IF THAT NEIGHBORHOOD IS LOCATED WITHIN AN AREA WITH HISTORICALLY HIGHER
OR LOWER VALUES.  SEE BELOW...

QUALITY ADJUSTMENTS ARE MADE, BASED ON THE OVERALL QUALITY OF MATERIALS AND NOT ONE
SINGULAR ITEM, THE COST AND FUNCTIONAL UTILITY OF THE STRUCTURE DESIGN AND THE
OVERALL APPEAL OF THE STRUCTURE. ADJUSTMENTS FOR QUALITY ARE BASED ON EXTERIOR
OBSERVATION, AGENT COMMENTS, INSPECTION OF COMPARABLE PROPERTIES, (WHEN POSSIBLE)
AND/OR DESCRIPTION THROUGH THE MULTIPLE LISTING SERVICE. ADJUSTMENTS ARE MADE
THROUGH THE ABSTRACTION METHOD, WHEN POSSIBLE.

**FINAL RECONCILIATION:**

THE VALUE REPORTED IS BASED PRIMARILY ON THE SALES COMPARISON APPROACH WITH A
SECONDARY CONSIDERATION GIVEN TO THE COST APPROACH TO SUPPORT THE INDICATED VALUE.
THE INCOME APPROACH WAS NOT INDICATED IN THIS PREDOMINANTLY OWNER OCCUPIED
NEIGHBORHOOD. OF THE COMPARABLES UTILIZED, COMPARABLE SALE #1 IS CONSIDERED TO BE
THE MOST COMPARABLE, AND THE BEST INDICATOR OF VALUE. IT IS THE MOST RECENT
COMPARABLE SALE, AND IS MOST SIMILAR TO SUBJECT. QUALITY ADJUSTMENTS ARE BASED ON
OVERALL QUALITY AND NORMALLY NOT A SINGULAR ITEM, UNLESS EXPLAINED. THE DESIGN OF A
STRUCTURE MAY BE CONSIDERED SUPERIOR IN QUALITY, SINCE THE DESIGN MAY BE MORE
COSTLY TO CONSTRUCT. ALL ADJUSTMENTS ARE MADE THROUGH ABSTRACTION, WHEN POSSIBLE.
ALL COMPARABLES PROVIDE A RANGE OF VALUES AND SIZES TO THE SUBJECT. WHEN ADJUSTED
TO THE SUBJECT PROPERTY, ALL COMPARABLES SUPPORT THE INDICATED VALUE OF THE SUBJECT
PROPERTY.

THE SITE IS ADJUSTED FOR VALUE, NOT NECESSARILY SIZE. LACK OF ADJUSTMENT INDICATES
SIMILAR OR EQUAL VALUE, IN THE OPINION OF THE APPRAISER.

THE SIGNATURES ON THIS APPRAISAL REPORT, ARE DIGITALLY REPRODUCED COPIES, WHICH ARE
SECURED BY PASSWORD, VIA POLAROID DIGITAL SOLUTIONS,(ACI)& MAY NOT BE ALTERED OR
ATTACHED BY ANYONE OTHER THAN THE APPRAISER. THE DIGITAL SIGNATURES ADHERE TO USPAP
STANDARDS ASSOCIATED WITH DIGITAL SIGNATURES.

**SUBJECT INFORMATION**

| | |
|---|---|
| Borrower: MCNITT | File No.: HA-443130910 |
| Property Address: 44313 BRANDON THOMAS WAY | Case No.: MCNITT |
| City: LANCASTER | State: CA       Zip: 93536 |
| Lender: DONNA MCNITT | |

# Property Detail Report

For Property Located At

CoreLogic

RealQuest Professional

## 44313 BRANDON THOMAS WAY, LANCASTER CA 93536-7531

### Owner Information:

| | | | |
|---|---|---|---|
| Owner Name: | MCNITT MICHAEL D & DONNA M | | |
| Mailing Address: | 44313 BRANDON THOMAS WAY, LANCASTER CA 93536-7531 R006 | | |
| Phone Number: | | Vesting Codes: | HW / / |

### Location Information:

| | | | |
|---|---|---|---|
| Legal Description: | TR-50099 LOT 41 | | |
| County: | LOS ANGELES, CA | APN: | 3203-036-072 |
| Census Tract / Block: | 9012.05 / 2 | Alternate APN: | |
| Township-Range-Sect: | | Subdivision: | 50099 |
| Legal Book/Page: | 1181-13 | Map Reference: | 159-B5 / 4014-E7 |
| Legal Lot: | 41 | Tract #: | 50099 |
| Legal Block: | | School District: | ANTELOPE VLY UN |
| Market Area: | | Munic/Township: | |
| Neighbor Code: | | | |

### Owner Transfer Information:

| | | | |
|---|---|---|---|
| Recording/Sale Date: | 02/05/1998 / 01/29/1998 | Deed Type: | GRANT DEED |
| Sale Price: | | 1st Mtg Document #: | 200888 |
| Document #: | 200887 | | |

### Last Market Sale Information:

| | | | |
|---|---|---|---|
| Recording/Sale Date: | / | 1st Mtg Amount/Type: | / |
| Sale Price: | | 1st Mtg Int. Rate/Type: | / |
| Sale Type: | | 1st Mtg Document #: | |
| Document #: | | 2nd Mtg Amount/Type: | / |
| Deed Type: | | 2nd Mtg Int. Rate/Type: | / |
| Transfer Document #: | | Price Per SqFt: | |
| New Construction: | | Multi/Split Sale: | |
| Title Company: | | | |
| Lender: | | | |
| Seller Name: | | | |

### Prior Sale Information:

| | | | |
|---|---|---|---|
| Prior Rec/Sale Date: | / | Prior Lender: | |
| Prior Sale Price: | | Prior 1st Mtg Amt/Type: | / |
| Prior Doc Number: | | Prior 1st Mtg Rate/Type: | / |
| Prior Deed Type: | | | |

### Property Characteristics:

| | | | | | |
|---|---|---|---|---|---|
| Gross Area: | | Parking Type: | | Construction: | |
| Living Area: | 1,080 | Garage Area: | | Heat Type: | CENTRAL |
| Tot Adj Area: | | Garage Capacity: | | Exterior wall: | |
| Above Grade: | | Parking Spaces: | | Porch Type: | |
| Total Rooms: | | Basement Area: | | Patio Type: | |
| Bedrooms: | 3 | Finish Bsmnt Area: | | Pool: | POOL |
| Bath(F/H): | 2 / | Basement Type: | | Air Cond: | CENTRAL |
| Year Built / Eff: | 1992 / 1992 | Roof Type: | | Style: | |
| Fireplace: | | Foundation: | | Quality: | |
| # of Stories: | | Roof Material: | | Condition: | |
| Other Improvements: | | | | | |

### Site Information:

| | | | | | |
|---|---|---|---|---|---|
| Zoning: | LCA22* | Acres: | 0.16 | County Use: | SINGLE FAMILY RESID (0101) |
| Flood Zone: | | Lot Area: | 6,890 | State Use: | |
| Flood Panel: | | Lot Width/Depth: | 65 x 106 | Site Influence: | |
| Flood Panel Date: | | Res/Comm Units: | 1 / | Sewer Type: | |
| Land Use: | SFR | | | Water Type: | |

### Tax Information:

| | | | | | |
|---|---|---|---|---|---|
| Total Value: | $136,000 | Assessed Year: | 2010 | Property Tax: | $3,025.25 |
| Land Value: | $21,500 | Improved %: | 84% | Tax Area: | 10669 |
| Improvement Value: | $114,500 | Tax Year: | 2009 | Tax Exemption: | HOMEOWNER |
| Total Taxable Value: | $129,000 | | | | |

PLAT MAP





FLOORPLAN

| Borrower: MCNITT | File No.: HA-443130910 |
| Property Address: 44313 BRANDON THOMAS WAY | Case No.: MCNITT |
| City: LANCASTER | State: CA | Zip: 93536 |
| Lender: DONNA MCNITT | |

LOCATION MAP

| Borrower: MCNITT | | File No.: HA-443130910 |
|---|---|---|
| Property Address: 44313 BRANDON THOMAS WAY | | Case No.: MCNITT |
| City: LANCASTER | State: CA | Zip: 93536 |
| Lender: DONNA MCNITT | | |



SUBJECT PROPERTY PHOTO ADDENDUM

| Borrower: MCNITT | | File No.: HA-443130910 |
|---|---|---|
| Property Address: 44313 BRANDON THOMAS WAY | | Case No.: MCNITT |
| City: LANCASTER | State: CA | Zip: 93536 |
| Lender: DONNA MCNITT | | |



FRONT VIEW OF
SUBJECT PROPERTY

Appraised Date: SEPTEMBER 4, 2010
Appraised Value: $ 157,000



REAR VIEW OF
SUBJECT PROPERTY



STREET SCENE

| Borrower: MCNITT | | File No.: HA-443130910 |
| --- | --- | --- |
| Property Address: 44313 BRANDON THOMAS WAY | | Case No.: MCNITT |
| City: LANCASTER | State: CA | Zip: 93536 |
| Lender: DONNA MCNITT | | |



LIVING ROOM - FIREPLACE
SUBJECT

HARDWOOD FLOORING
BRICK MANTLE
CHAIR RAIL



KITCHEN
SUBJECT

HARDWOOD FLOORING
GRANITE COUNTER TOPS
UPDATED APPLIANCES
INCLUDING TRASH COMPACTOR
UPDATED CABINETS
COMPLETE REMODEL IN 2008



FULL BATH
SUBJECT

VINYL FLOORING
VINYL COUNTER TOP
ORIGINAL OAK VANITY

| Borrower: MCNITT | | File No.: HA-443130910 |
|---|---|---|
| Property Address: 44313 BRANDON THOMAS WAY | | Case No.: MCNITT |
| City: LANCASTER | State: CA | Zip: 93536 |
| Lender: DONNA MCNITT | | |



POOL/SPA
SUBJECT

PER OWNER NEEDS TO BE
REPLASTERED



ADDITION/ENCLOSED PATIO
SUBJECT

VAULTED OPEN BEAM CEILING
HARDWOOD FLOORING
APPEARS TO HAVE BEEN DONE
IN A PROFESSIONAL MANNER



3/4 BATH
SUBJECT

| COMPARABLE PHOTO ADDENDUM | | | File No.: HA-443130910 |
|---|---|---|---|
| Borrower: MCNITT | | | |
| Property Address: 44313 BRANDON THOMAS WAY | | | Case No.: MCNITT |
| City: LANCASTER | | State: CA | Zip: 93536 |
| Lender: DONNA MCNITT | | | |



COMPARABLE SALE #1

6069 JAMAICA CT
LANCASTER
Sale Date: 07/07/2010
Sale Price: $ 145,000



COMPARABLE SALE #2

44320 HARBOR ST
LANCASTER
Sale Date: 05/07/2010
Sale Price: $ 140,500



COMPARABLE SALE #3

6324 W AVENUE J4
LANCASTER
Sale Date: 04/02/2010
Sale Price: $ 149,900

| Borrower: MCNITT | | File No.: HA-443130910 |
|---|---|---|
| Property Address: 44313 BRANDON THOMAS WAY | | Case No.: MCNITT |
| City: LANCASTER | State: CA | Zip: 93536 |
| Lender: DONNA MCNITT | | |



COMPARABLE SALE #4

44315 FREER WAY
LANCASTER
Sale Date: 05/17/2010
Sale Price: $ 160,000



COMPARABLE SALE #5

44334 BRANDON THOMAS
LANCASTER
Sale Date: PENDING
Sale Price: $ 129,900

MCNITT
File No. HA-443130910

DEFINITION OF MARKET VALUE:  The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he considers his own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the Appraiser's judgment.

## STATEMENT OF LIMITING CONDITIONS AND APPRAISER'S CERTIFICATION

CONTINGENT AND LIMITING CONDITIONS:  The appraiser's certification that appears in the appraisal report is subject to the following conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it. The appraiser assumes that the title is good and marketable and, therefore, will not render any opinions about the title. The property is appraised on the basis of it being under responsible ownership.

2. The appraiser has provided a sketch in the appraisal report to show approximate dimensions of the improvements and the sketch is included only to assist the reader of the report in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in the appraisal report whether the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand.

5. The appraiser has estimated the value of the land in the cost approach at its highest and best use and the improvements at their contributory value. These separate valuations of the land and improvements must not be used in conjunction with any other appraisal and are invalid if they are so used.

6. The appraiser has noted in the appraisal report any adverse conditions (such as, needed repairs, depreciation, the presence of hazardous wastes, toxic substances, etc. ) observed during the inspection of the subject property or that he or she became aware of during the normal research involved in performing the appraisal. Unless otherwise stated in the appraisal report, the appraiser has no knowledge of any hidden or unapparent conditions of the property or adverse environmental conditions (including the presence of hazardous wastes, toxic substances, etc. ) that would make the property more or less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied, regarding the condition of the property. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, the appraisal report must not be considered as an environmental assessment of the property.

7. The appraiser obtained the information, estimates, and opinions that were expressed in the appraisal report from sources that he or she considers to be reliable and believes them to be true and correct. The appraiser does not assume responsibility for the accuracy of such items that were furnished by other parties.

8. The appraiser will not disclose the contents of the appraisal report except as provided for in the Uniform Standards of Professional Appraisal Practice.

9. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that completion of the improvements will be performed in a workmanlike manner.

10. The appraiser must provide his or her prior written consent before the lender/client specified in the appraisal report can distribute the appraisal report (including conclusions about the property value, the appraiser's identity and professional designations, and references to any professional appraisal organizations or the firm with which the appraiser is associated ) to anyone other than the borrower; the mortgagee or its successors and assigns; the mortgage insurer; consultants; professional appraisal organizations; any state or federally approved financial institution; or any department, agency, or instrumentality of the United States or any state or the District of Columbia; except that the lender/client may distribute the property description section of the report only to data collection or reporting service(s) without having to obtain the appraiser's prior written consent. The appraiser's written consent and approval must also be obtained before the appraisal can be conveyed by anyone to the public through advertising, public relations, news, sales, or other media.

MCNITT
File No. HA-443130910

APPRAISERS CERTIFICATION:    The Appraiser certifies and agrees that:

1. I have researched the subject market area and have selected a minimum of three recent sales of properties most similar and proximate to the subject property for consideration in the sales comparison analysis and have made a dollar adjustment when appropriate to reflect the market reaction to those items of significant variation. If a significant item in a comparable property is superior to , or more favorable than, the subject property, I have made a negative adjustment to reduce the adjusted sales price of the comparable and, if a significant item in a comparable property is inferior to, or less favorable than the subject property, I have made a positive adjustment to increase the adjusted sales price of the comparable.

2. I have taken into consideration the factors that have an impact on value in my development of the estimate of market value in the appraisal report. I have not knowingly withheld any significant information from the appraisal report and I believe, to the best of my knowledge, that all statements and information in the appraisal report are true and correct.

3. I stated in the appraisal report only my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the contingent and limiting conditions specified in this form.

4. I have no present or prospective interest in the property that is the subject to this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or the estimate of market value in the appraisal report  on the race, color, religion, sex, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property.

5. I have no present or contemplated future interest in the subject property, and neither my current or future employment nor my compensation for performing this appraisal is contingent on the appraised value of the property.

6. I was not required to report a predetermined value or direction in value that favors the cause of the client or any related party, the amount of the value estimate, the attainment of a specific result, or the occurrence of a subsequent event in order to receive my compensation and/or employment for performing the appraisal. I did not base the appraisal report on a requested minimum valuation, a specific valuation, or the need to approve a specific mortgage loan.

7. I performed this appraisal in conformity with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place as of the effective date of this appraisal, with the exception of the departure provision of those Standards, which does not apply.  I acknowledge that an estimate of a reasonable time for exposure in the open market is a condition in the definition of market value and the estimate I developed is consistent with the marketing time noted in the neighborhood section of this report, unless I have otherwise stated in the reconciliation section.

8. I have personally inspected the interior and exterior areas of the subject property and the exterior of all properties listed as comparables in the appraisal report. I further certify that I have noted any apparent or known adverse conditions in the subject improvements, on the subject site, or on any site within the immediate vicinity of the subject property of which I am aware and have made adjustments for these adverse conditions in my analysis of the property value to the extent that I had market evidence to support them. I have also commented about the effect of the adverse conditions on the marketability of the subject property.

9. I personally prepared all conclusions and opinions about the real estate that were set forth in the appraisal report. If I relied on significant professional assistance from any individual or individuals in the performance of the appraisal or the preparation of the appraisal report, I have named such individual(s) and disclosed the specific tasks performed by them in the reconciliation section of this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in the report; therefore, if an unauthorized change is made to the appraisal report, I will take no responsibility for it.

SUPERVISORY APPRAISER'S CERTIFICATION:    If a supervisory appraiser signed the appraisal report, he or she certifies and agrees that: I directly supervise the appraiser who prepared the appraisal report, have reviewed the appraisal report, agree with the statements and conclusions of the appraiser, agree to be bound by the appraiser's certifications numbered 4 through 7 above, and am taking full responsibility for the appraisal and the appraisal report.

ADDRESS OF PROPERTY APPRAISED:    44313 BRANDON THOMAS WAY, LANCASTER, CA  93536

APPRAISER:                                   SUPERVISORY APPRAISER (only if required)

| APPRAISER | SUPERVISORY APPRAISER (only if required) |
|---|---|
| Signature: | Signature: |
| Name: LAUREN M. LANDSEADEL | Name: |
| Date Signed: 09/12/2010 | Date Signed: |
| State Certification #: AR032276 | State Certification #: |
| or State License #: | or State License #: |
| State: CA | State: |
| Expiration Date of Certification or License: 10/30/2011 | Expiration Date of Certification or License: |

☐ Did   ☐ Did Not Inspect Property

CONCLUDED VALUE: $157,000.00

APPRAISER LICENSE

| Borrower: MCNITT | | File No.: HA-443130910 |
|---|---|---|
| Property Address: 44313 BRANDON THOMAS WAY | | Case No.: MCNITT |
| City: LANCASTER | State: CA | Zip: 93536 |
| Lender: DONNA MCNITT | | |



STATE OF CALIFORNIA

Business, Transportation & Housing Agency

OFFICE OF REAL ESTATE APPRAISERS

REAL ESTATE APPRAISER LICENSE

OREA APPRAISER IDENTIFICATION NUMBER    AR032276

LAUREN M. LANDSEADEL

has successfully met the requirements for a license as a residential real estate appraiser in the State of California and is, therefore, entitled to use the title "Certified Residential Real Estate Appraiser".

This license has been issued in accordance with the provisions of the Real Estate Appraisers Licensing and Certification Law.

OFFICE OF REAL ESTATE APPRAISERS

Date Issued: October 31, 2009
Date Expires: October 30, 2011

Audit No. 124283

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
27578 Sierra Hwy
Santa Clarita, CA 91351

A true and correct copy of the foregoing document described as **AMENDED MOTION TO EXTINGUISH
SECOND DEED OF TRUST (LIEN) OF BANK OF AMERICA HOME LOANS SERVICING, LP;
POINTS AND AUTHORITIES IN SUPPORT; DECLARATIONS OF MICHAEL AND DONNA
MCNITT AND LAUREN LANDSEADEL IN SUPPORT THEREOF** will be served or was served **(a)** on the
judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General
Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink
to the document. On **January 14, 2011** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding
and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email
address(es) indicated below:

US Trustee: ustpregion16.la.ecf@usdoj.gov
Kathy A. Dockery (TR): efiling@CHA13LA.com
Hale Andrew Antico, Attorney for Debtor: hantico@scvbankruptcy.com

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **January 14, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail,
first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes
a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or
entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or
entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be
completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/14/11 | Wendy Ramirez | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

### By Mail:

### Judge
Honorable Alan Ahart
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

### Debtors
Michael and Donna McNitt
44313 Brandon Thomas Way
Lancaster, CA 93536

### By Certified Mail:

### Creditor as per Proof of Claim
The Bank of New York Mellon
(fka The Bank of New York as Trustee for the Certificate holders of CWABS, Inc. Asset
Backed Certificates, Series 2006-SPS1)
Attention: Chairman and CEO, Robert P. Kelly
One Wall Street
New York, NY 10286

### Address for notices in Proof of Claim
BAC Home Loans Servicing, LP
Bankruptcy Department
Mail Stop CA6-919-01-23
400 National Way
Simi Valley, CA 93065

### Attorneys for Secured Creditor in Proof of Claim
PROBER & RAPHAEL, A Law Corporation
P.O. Box 4365
Woodland Hills, CA 91365-4365

### Retrieved from Bank of America Home Loans Account Statement
BAC Home Loans Servicing, LP
CA6-919-01-41
PO Box 5170
Simi Valley, CA 93062-5170

### Agent for Service of Process
Agent for Service of Process for Bank of America, NA c/o BAC Home Loans Servicing,

1

LP
CT Corporation System
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833